J-S65039-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH WILLIAM ATWELL, | |
| Appellant | No. 960 EDA 2014 |

Appeal from the PCRA Order March 14, 2014
in the Court of Common Pleas of Pike County
Criminal Division at No.: 284-2008-Criminal

BEFORE:  PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                     **FILED FEBRUARY 13, 2015**

Appellant, Joseph William Atwell, appeals from the order denying and dismissing his petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546.  Appellant claims ineffective assistance of counsel.  We affirm on the basis of the PCRA court's opinion.

A jury convicted Appellant of murder of the first degree, kidnapping, conspiracy, firearms not to be carried without a license and possession of an instrument of crime in connection with the shooting death of Norman Domenech, related to Appellant's drug operation.  After the jury deadlocked on the death penalty, the trial court sentenced him to life imprisonment plus

_____

[*] Retired Senior Judge assigned to the Superior Court.

not less than forty-one years' and not more than one hundred and four years' incarceration in a state correctional institution. This Court affirmed judgment of sentence and our Supreme Court denied allowance of appeal. *Commonwealth v. Atwell*, 34 A.3d 224 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 37 A.3d 1195 (Pa. 2012).

Appellant filed a *pro se* PCRA petition on October 25, 2012. The PCRA court appointed counsel, who filed an amended petition. Notably, Appellant alleged his trial counsel did not inform him of multiple plea offers, and rejected a plea offer without consulting him. After a hearing, the court denied the petition on March 14, 2014, in an extended order which included its reasoning. Appellant timely appealed.[1]

In its May 6, 2014 opinion, the PCRA court fully and correctly sets forth the relevant facts and procedural history of this case. Therefore, we have no reason to restate them at length here.[2]

---

[1] Appellant also filed a statement of errors on April 25, 2014. *See* Pa.R.A.P. 1925(b). The trial court filed a supplementary opinion on May 6, 2014. *See* Pa.R.A.P. 1925(a).

[2] For ease of reference, we note that Appellant's co-conspirator in this murder, and the victim's replacement in Appellant's drug operation, was Jesus Rosario Torres, the shooter. At trial, the Commonwealth introduced into evidence a "White Resistance Manual." The manual, found among Appellant's possessions, was a white supremacist tract which included information on firearms and provided instructions on how to commit certain crimes. Also at trial, Magaly Echevarria testified that she was the translator for Rosario Torres and Appellant in the planning and commission of the murder.

Appellant raises the following four issues for our review:

[1.] Did the PCRA court err in denying Appellant's PCRA petition when his trial counsel rejected guilty plea offers from the Commonwealth prior to and during Appellant's trial without first consulting Appellant?

[2.] Did the PCRA court err in denying Appellant's PCRA petition when his trial counsel failed to advise Appellant of certain plea offers prior to and during trial?

[3.] Did the PCRA court err in denying Appellant's PCRA petition when his trial counsel failed to object to the Commonwealth's introduction into evidence of a "White Resistance Manual," allegedly belonging to Appellant, which had little probative value, if any, and was highly prejudicial against Appellant?

[4.] Did the PCRA court err in denying Appellant's PCRA petition when his trial counsel failed to call Magaly Echevarria's treating psychiatric doctors to testify at Appellant's trial, despite Ms. Echevarria being a key witness for the Commonwealth and her questionable psychiatric history?

(Appellant's Brief, at 4).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the PCRA court, we conclude that there is no merit to the issues Appellant has raised on appeal. The PCRA court opinion properly disposes of the questions presented. (**_See_** PCRA Court Opinion, 5/06/14, at 4-7) (finding: (1) the only credible testimony concerning plea offers was from Appellant's trial attorneys, who testified that there was a single plea offer of fifteen to thirty years which counsel presented to Appellant on multiple occasions, and Appellant rejected; (2) Appellant presented no evidence to support his claim of

additional plea offers or unilateral rejection of them by counsel; (3) defense counsel chose a reasonable strategy of having the White Resistance Manual read at length to the jury to attempt to minimize the effect of specific sections, after the trial court denied counsel's original objection to its admission of selected portions of the manual; and (4) the matter of Ms. Echevarria's competence to testify was previously litigated both at trial and on direct appeal, and counsel raised appropriate motions throughout the proceedings).

Accordingly, we affirm on the basis of the PCRA court's opinion.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/13/2015

IN THE COURT OF COMMON PLEAS OF
PIKE COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA,     :

      Appellee,                :

                                    :

v.                                  :       **284-2008 CRIMINAL**

                                    :

JOSEPH WILLIAM ATWELL,         :

      Appellant.              :

---

## OPINION SUBMITTED PURSUANT TO PENNSYLVANIA RULE OF APPELLATE PROCEDURE 1925

AND NOW, this ____ day of May, 2014 after careful review of the record, we continue to stand by our decision and respectfully request the Superior Court to uphold our Order Denying Defendant's Petition for Post-Conviction Collateral Relief dated March 14, 2014. This Court would also like to add, pursuant to Pennsylvania Rule of Appellate Procedure 1925, the following:

## I.    FACTUAL AND PROCEDURAL BACKGROUND:

This case arises from the kidnapping and homicide of Norman Domenech which took place on or about May 29, 2007. Joseph William Atwell [hereinafter Defendant] was charged with and convicted of 1st degree murder, kidnapping, conspiracy to commit kidnapping and various gun charges. The seven-day jury trial began on April 29, 2010. While the Commonwealth sought the death penalty, the jury was unable to reach a verdict on that issue and therefore the court imposed a sentence of life imprisonment without parole plus not less than forty-one (41) years nor more than one hundred and four (104) years. Defendant timely

appealed the conviction along with various pretrial rulings on evidence and procedure. The convictions and sentence were affirmed by the Superior Court and Defendant's petition for allowance of appeal to the Pennsylvania Supreme Court was denied.[1]

Defendant thereafter filed a pro se PCRA petition after which PCRA counsel was appointed. Counsel subsequently filed two amended petitions alleging four separate ineffective assistance claims based on the conduct of Defendant's trial counsel. An evidentiary hearing was held on February 10, 2014, after which this Court issued a detailed Order denying Defendant's Petition for Post-Conviction Collateral Relief. *See* Order of March 14, 2014.

On March 27, 2014, Defendant filed a Notice of Appeal. This Court issued an Order on March 28, 2014 requiring Defendant to serve a copy of his concise statement of matters complained of on appeal on the trial judge within twenty-one (21) days. Due to a filing error, Defendant's 1925(b) statement was not docketed with this Court until April 25, 2014. Although Defendant's statement was untimely, counsel for Defendant made every effort to correct the error when it became known. Thus, this Court will address Defendant's appeal on the merits. Defendant now argues that:

1) The Court's denial of Defendant's PCRA Petition is unsupported by the record and legally erroneous.

2) Specifically, the Court improperly denied the PCRA Petition by finding that Defendant's trial counsel was not ineffective for:

    a. Misadvising Defendant with respect to rejecting plea offers conveyed to Trail Counsel from the District Attorney's Office prior to and during the jury trial.

---

[1] *See* 34 A.3d 224 (Pa. Super. Sept. 13, 2011) (Sentence affirmed without opinion); and 614 Pa. 703 (Feb. 1, 2012) (Pennsylvania Supreme Court denial without opinion).

2

b. Failing to advise Defendant of certain plea offers prior to and during trial and instead unilaterally rejected certain plea offers.

c. Failing to object prior to or during trial to the Commonwealth's introduction into evidence of a "White Resistance Manual."

3) The PCRA Court erred in prohibiting testimony regarding trial counsel's failure to call Magaly Echevarria's treating psychiatric doctors to testify at trial, despite Magaly Echevarria being a key witness for the Commonwealth, by deeming this issue to be a previously litigated matter.

## II.  DISCUSSION

Concerning review of a trial court's denial of PCRA relief, Pennsylvania's Superior Court has stated, "Our standard of review for post-conviction relief orders looks to whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error." *Commonwealth v. Valentine*, 928 A.2d 346, 347-48 (Pa. Super. Ct. 2007). Further,

> [t]his Court examines PCRA appeals 'in the light most favorable to the prevailing party at the PCRA level.' Our 'review is limited to the findings of the PCRA court and the evidence of record[.]' Additionally, '[w]e grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record.' In this respect, we will not 'disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.' However, we afford no deference to its legal conclusions. '[W]here the petitioner raises questions of law, our standard of review is de novo and our scope of review is plenary.'

*Commonwealth v. Henkel*, 2014 PA Super 75 (Pa. Super. Ct. 2014) (quoting *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa.Super. 2012)).

3

## A. Plea Offers

Defendant challenged the effectiveness of his trial counsel alleging that his attorneys misadvised him with respect to rejecting plea offers. Additionally, Defendant claimed his counsel unilaterally rejected other offers without his consent. In Pennsylvania, a defendant must demonstrate the following when alleging ineffective assistance of counsel: (1) the underlying legal claim has arguable merit, (2) counsel had no reasonable basis for their action or inaction, and (3) the defendant suffered prejudice because of counsel's ineffectiveness. *See Commonwealth v. Pierce*, 567 Pa. 186 (Pa. 2001).

In evaluating Defendant's petition, this Court found that Defendant's claims fail under the prejudice prong of the above test. Pennsylvania's courts have adopted the following language from the U.S. Supreme Court in *Lafler v. Cooper*, describing the elements a defendant must prove to establish the prejudice prong when "…alleged ineffectiveness of counsel involves the defendant's rejection of a plea offer…"

> [T]he defendant must show, 'that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court…that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.'

*Commonwealth v. Feliciano*, 69 A.3d 1270, 1276-77 (Pa. Super. Ct. 2013) (quoting *Lafler v. Cooper*, 132 S.Ct. 1376, 1385 (2012)).

As discussed in this Court's March 14th Order, the only credible testimony presented during the evidentiary hearing concerning plea offers was from Defendant's trial attorneys. Defendant's counsel testified that the single offer made by the Commonwealth was for a sentence of fifteen (15) to thirty (30) years. *See* H.T. pgs. 10-12. Counsel testified that this

4

offer was presented to Defendant on more than one occasion. *Id; See also* H.T. pgs. 43-44. The attorneys also discussed the strengths and weaknesses of the case and the overall risks of going to trial with Defendant. *Id.* Trial counsel performed their duties in advising Defendant on his options, but the decision to reject the plea offer was exclusively Defendant's. *Id.* Attorney Anders testified, "[T]he Commonwealth made an offer to plea, we discussed it with Mr. Atwell, and Mr. Atwell refused to take it …until the verdict of guilty came back he maintained his innocence and I believe he maintained his innocence after that." H.T. pg. 9.

While Defendant claims that other offers existed which counsel failed to share with him and unilaterally rejected, Defendant provided no evidence to support this claim. Defendant testified that Attorney Anders brought him another offer on the second day of trial, but Mr. Anders "didn't know what that offer was…" H.T. pg. 56. After testifying that his attorney unilaterally rejected the offer, Defendant later stated, "I don't know that he had already rejected it…" *See* H.T. pgs. 62-63; H.T. pg. 85. Even with respect to the offers Defendant claims to have discussed with his attorneys, he could not provide any specifics of the offers or the conversations about them. For example, Defendant testified "…prior to trial, after the preliminary I had in my mind that a twenty to forty was offered, but I can't place it. I can't place who said it to me…" H.T. pg. 60. Due to Defendant's uncertainty about the circumstances surrounding the discussions he had with his attorneys, this Court found Defendant's testimony lacked credibility.

The testimony presented at the evidentiary hearing failed to show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court. To the contrary, the record shows that Defendant's counsel presented the Commonwealth's offer to Defendant, discussed the offer and the merits of the

5

case with Defendant, and allowed Defendant to make the decision to accept or reject the offer. Because Defendant failed to rebut the presumption that his counsel was effective, this Court rejected his PCRA petition seeking relief with respect to plea offers.

## B. White Resistance Manual

Defendant next argues that the Court erred in failing to find that trial counsel was ineffective for not objecting to the Commonwealth's introduction of the "White Resistance Manual." Contrary to Defendant's assertion, counsel did object to the introduction of this evidence during trial. As discussed in our March 14th Order, the trial Court overruled counsel's objection and indicated that certain evidence from the manual would be admitted. As a means of minimizing the overall effect of the manual, counsel decided to allow the entire manual into evidence instead of just the select portions the Commonwealth wished to admit.

Regarding the second prong of the ineffective assistance test, "we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis." *Commonwealth v. Paddy,* 609 Pa. 272, 292 (Pa. 2011) (citation omitted). Here Defendant's attorneys chose a specific strategy to attempt to minimize the effect of this evidence on the jury. Attorney Anders testified,

> ...you're looking at a much larger document now as opposed to just those things which were selected by the Commonwealth to present to the jury, so to my way of thinking with the whole manual going in...the selected portions were no longer highlighted. If you took the selected portions and showed them to the jury, the jury, in my opinion would put more weight on it...

6

H.T. pg. 22. Defendant failed to offer any evidence that this strategy lacked reasonable basis or that the outcome would have been different had only the selected portions of the text been admitted. For these reasons, this Court denied Defendant's petition for relief on this matter.

### C. Magaly Echevarria's Psychiatric Treatment

Defendant's final argument is that "the PCRA Court erred in prohibiting testimony regarding trial counsel's failure to call Magaly Echevarria's treating psychiatric doctors to testify…" Upon review of the evidentiary hearing record, we note that the PCRA court allowed testimony regarding Magaly Echevarria's treatment and doctors. *See* H.T. pgs. 33-37, 67-68. However, after allowing Defendant's counsel some leeway in exploring this issue, the court sustained an objection regarding calling Ms. Echevarria's doctors, as the matter was previously litigated at trial. H.T. pgs. 37-38.

As noted in this Court's March 14th Order, this matter was litigated prior to and during trial. This Court previously issued Orders concerning Ms. Echevarria's competency and psychiatric treatment and quashed Defendant's subpoena directed to "John Doe/Jane Doe treating psychologist of …Magaly Echevarria" on April 27 and May 10, 2010. Further, the issue of Ms. Echevarria's psychiatric treatment was brought on direct appeal. This Court found that the trial court did not err in its treatment of this issue by failing to find counsel ineffective when Defendant's attorneys raised appropriate motions throughout the proceedings. The PCRA court did not err in entertaining only limited testimony on this issue that was thoroughly litigated at trial. As such, we believe Defendant's final claim lacks merit.

7

## III.   CONCLUSION

Accordingly, we respectfully request the Superior Court uphold our Order Denying Defendant's Petition for Post-Conviction Collateral Relief dated March 14, 2014.

BY THE COURT:

_____
HON. JOSEPH F. KAMEEN, P.J.

cc:   Jacob T. Thielen, Esq.
      Pike County District Attorney

jb    CT. Adm,

8